**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **DIAGNOSTIC AFFILIATES OF NORTHEAST HOU, LLC D/B/A 24 HOUR COVIDRT-PCR LABORATORY,** | § § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 2:22-cv-00013** |
| **90 DEGREE BENEFITS, INC.,** | § § § | |
| **Defendant.** | § | |

**DEFENDANT 90 DEGREE BENEFITS, INC.'S ANSWER TO
PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE DAVID S. MORALES, UNITED STATES DISTRICT JUDGE:**

COMES NOW, 90 Degree Benefits, Inc. (referred to herein collectively as "Defendant" or "90 Degree Benefits") and files this Answer to Plaintiff's Original Complaint (the "Complaint") and would show unto the Court as follows:

**A.     Admissions and Denials**

1.      Defendant has insufficient knowledge as to Plaintiff Diagnostic Affiliates of Northeast Hou, LLC d/b/a 24 Hour Covid RT-PCR Laboratory's ("Plaintiff") business operations and locations and can therefore neither admit nor deny these allegations in Paragraph 1 at this time.

2.      Defendant admits the allegations in Paragraph 2.

3.      Defendant denies the allegations in Paragraph 3 and specifically denies having any business relationship, much less communication, whatsoever with Plaintiff.

4.      Defendant admits the allegation in Paragraph 4 that not all health plans Defendant administers offer plan members access to OON providers and facilities.  The allegations in

Paragraph 4 as to Section 6001 of the FFCRA, as amended by Section 3201 of the CARES Act constitute legal conclusions and therefore no admission or denial is required.

5.      The allegations in Paragraph 5 as to Section 3202(a) of the CARES Act constitute legal conclusions and therefore no admission or denial is required.

6.      Defendant denies the entirety of the allegations in Paragraph 6 and specifically denies that it has any legal obligation to Plaintiff as alleged in Paragraph 6. Defendant specifically denies the allegation in Paragraph 6 that it had any obligation to reimburse Plaintiff in accordance with Section 3202(a) of the CARES Act as alleged in Paragraph 6 as Defendant has never had any business relationship with Plaintiff.

7.      Defendant has insufficient knowledge as to Plaintiff's corporate organization and the location of its headquarters as alleged in Paragraph 7 and can therefore neither admit nor deny these allegations.  The allegation in Paragraph 7 as to whether Plaintiff has standing to bring its claims is a legal conclusion and therefore no admission or denial is required. Defendant specifically denies that it had or has any business relationship with Plaintiff such that would give rise to any claims as alleged in Paragraph 7.

8.      Defendant denies the allegations in Paragraph 8 that it was organized under the laws of the State of Washington and that its principal place of business is in Bellevue, Washington. Defendant admits the remaining allegations in Paragraph 8.

9.      The allegations in Paragraph 9 as to subject matter jurisdiction involve legal conclusions and therefore no admission or denial is required.

10.      The allegations in Paragraph 10 as to personal jurisdiction involve legal conclusions and therefore no admission or denial is required.

11.     The propriety of venue as stated in Paragraph 11 is a legal conclusion and therefore no admission or denial is required.  Defendant denies the remaining allegations in Paragraph 11.

12.     Defendant admits the allegations in Paragraph 12.

13.     Defendant admits the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 involve legal conclusions and therefore no admission or denial is required.

15.     The allegations in Paragraph 15 involve legal conclusions and therefore no admission or denial is required.

16.     The allegations in Paragraph 16 involve legal conclusions and therefore no admission or denial is required.

17.     The allegations in Paragraph 27[1] (sic) involve legal conclusions and therefore no admission or denial is required.

18.     Defendant denies the allegation in Paragraph 18 as to its alleged provision of "full third-party claims administration services" in that it cannot determine what Plaintiff's definition of the word "full."  Defendant denies the allegation that it is a "health benefits company" as alleged in Paragraph 18.  Defendant admits the remaining allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

20.     The allegation in Paragraph 20 as to Section 6001 of the FFCRA and Section 3202(a) of the CARES Act require involve legal conclusions and therefore no admission or denial is required. Defendant denies the remaining allegations in Paragraph 20.

21.     Defendant denies the entirety of the allegations in Paragraph 21 and specifically denies that it had a representative named Michelle Bruce as alleged in Paragraph 21.

---

[1] Defendant believes Plaintiff mistakenly numbered paragraph 17 as number 27 in its Complaint.

22.     Defendant denies the entirety of the allegations in Paragraph 22 and specifically denies that Plaintiff attempted to reach out to Defendant to negotiate amounts to be paid for Covid Testing services as alleged in Paragraph 22. Defendant specifically denies that it made any representations whatsoever that it would provide Plaintiff with an agreement to memorialize any negotiated rates for Covid Testing services as alleged in Paragraph 22.

23.     Defendant denies the allegations in Paragraph 23 and specifically denies having denied any Covid Testing claims submitted by Plaintiff as alleged in Paragraph 23.  Defendant specifically denies having ever acted in bad faith as alleged in Paragraph 23.

24.     Defendant has insufficient knowledge as to whether any patients have any financial responsibility as to the any balance owed for Covid Testing services as alleged in Paragraph 24 and can therefore neither admit nor deny these allegations. Defendant denies the entirety of the remaining allegations in Paragraph 24.  Defendant specifically denies any obligation or responsibility to Plaintiff to cover any Covid Testing services performed by Plaintiff as alleged in Paragraph 24. Defendant further specifically denies that it took any action in conflict with the laws as alleged in Paragraph 24.

25.     The allegation in Paragraph 25 as to whether Plaintiff has standing to bring its claims under the FFCRA and the CARES Act is a legal conclusion and therefore no admission or denial is required.

26.     The allegation in Paragraph 26 as to whether Plaintiff has standing to bring its claims under the FFCRA and the CARES Act is a legal conclusion and therefore no admission or denial is required.

27.     No admissions or denials are required in response to Paragraph 27's reference to preceding paragraphs in the Complaint.  To the extent necessary, Defendant realleges the foregoing responsive paragraphs to each of Plaintiff's reallegations.

28.     Defendant has insufficient knowledge as to Covid Testing services provided by Plaintiff as alleged in Paragraph 28 and can therefore neither admit nor deny these allegations. Defendant denies the remaining allegations in Paragraph 28.

29.     Defendant denies the allegation in Paragraph 29 that Plaintiff made multiple attempts to agree to a negotiated rate with Defendant for the provision of Covid Testing services. Defendant has insufficient knowledge as to whether 24 Hour Covid is an OON laboratory as alleged in Paragraph 29 and can therefore neither admit nor deny these allegations.  Defendant denies the remaining allegations in Paragraph 29.

30.     Defendant has insufficient knowledge as to Plaintiff's allegation regarding its posting of its cash prices for Covid Testing services on its website and can therefore neither admit nor deny these allegations in Paragraph 30.

31.     The allegation in Paragraph 31 as to a health plan's obligations under Section 3202(a)(2) is a legal conclusion and therefore no admission or denial is required.

32.     Defendant denies any allegation that Plaintiff is entitled to any damages related to the claims set forth in the Original Complaint, including those set out in Paragraph 32, and specifically denies that its acts and/or omissions proximately caused Plaintiff's injuries and damages.

33.     Defendant denies the allegations in Paragraph 33 and specifically denies Plaintiff is entitled to judgment against Defendant.

34.     The un-numbered final paragraph of Plaintiff's Original Complaint on page 12 contains a jury demand which does not require either an admission or denial by Defendant. However, Defendant reserves the right to contest that Plaintiff is entitled to a jury trial.

35.     Defendant denies any allegation that Plaintiff is entitled to any damages related to the claims set forth in the Original Complaint, including those set out in the Prayer of Plaintiff's Original Complaint, and specifically denies that its acts and/or omissions proximately caused Plaintiff's injuries and damages.

For these reasons, Defendant asks the Court to enter judgment that Plaintiff take nothing by its complaint against Defendant, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant all other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully Submitted,

/s/ Chad L. Farrar
By: Chad L. Farrar, Attorney-in-Charge

Chad L. Farrar, SBN 00793716
Katie P. Harrison, SBN 24062767
MULLIN HOARD & BROWN, L.L.P.
2515 McKinney Ave., Suite 900
Dallas, Texas 75201
Telephone:    (214) 754-0040
Facsimile:    (214) 754-0043
cfarrar@mhba.com
kharrison@mhba.com

**Attorneys for Defendant 90 Degree Benefits, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 12th day of March, 2022, a true and correct copy of the foregoing was served by e-filing to:

**Via E-mail and ECF**
Ebadullah Khan
23330 US-59, Suite 300
Kingwood, Texas 77339
ekhan@24hourcovid.com

/s/ Chad L. Farrar
Chad L. Farrar