IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DIAGNOSTIC AFFILIATES OF NORTHEAST HOU, LLC D/B/A 24 HOUR COVID RT-PCR LABORATORY<br><br>*Plaintiff*,<br><br>v.<br><br>90 DEGREE BENEFITS, INC.<br><br>*Defendants*. | §§§§§§§§§§§  C.A. No. 2:22-CV-00013 |

**MOTION FOR LEAVE OF COURT TO AMEND PLAINTIFF'S COMPLAINT TO SUBSTITUTE IN THE PROPER DEFENDANTS**

COME NOW Plaintiff Diagnostic Affiliates of Northeast Hou, LLC d/b/a 24 Hour Covid RT-PCR Laboratory, by and through its attorney of record, and hereby moves the Court under FRCP 15(a) for leave of Court to amend its Complaint to substitute in the proper Defendants in this action. The proper Defendants to be added to this action are Entrust, LLC d/b/a 90 Degree Benefits ("Entrust") and the Texas School Health Benefits Program ("TSHBP"), and the currently named Defendant, 90 Degree Benefits, Inc., should be removed as a Defendant from this action. The proposed First Amended Complaint is attached and incorporated into this Motion as **Exhibit P-1**.

**INTRODUCTION AND FACTUAL BASIS FOR MOTION**

1.  24 Hour Covid is a CLIA certified high complexity laboratory that has requested emergency use authorization under Section 564 of the Federal Food, Drug, and Cosmetic Act; therefore, has all authorizations and/or approvals necessary to render and be reimbursed for Covid

Testing services.[1] At the height of the pandemic 24 Hour Covid operated seven specimen collection sites located across the States of Texas and Louisiana, and partnered with employers and independent school districts across Texas to render Covid Testing services to employees, teachers, students, and other staff members.[2]

Prior to filing this action, Plaintiff's business dealings had been with agents of "90 Degree Benefits." However, despite Plaintiff's good faith review of the Texas Secretary of State's business organizations database, Plaintiff mistakenly identified the legal name of "90 Degree Benefits" as "90 Degree Benefits, Inc.," rather than "Entrust, LLC d/b/a 90 Degree Benefits." Only after filing this action and Plaintiff's dealing with counsel for "90 Degree Benefits, Inc.," did it come to Plaintiff's knowledge that it identified the improper Defendant. The Texas Secretary of State business organization enquiry identifying "90 Degree Benefits" as the assumed name for Entrust, LLC, is attached and incorporated into this Motion as **Exhibit P-2**.

Additionally, Plaintiff would also like to include TSHBP as another Defendant in this action as TMHBP utilizes Entrust as its third-party claims administrator in order to administer medical benefit to members of TMHBP. TMHBP's purpose is to provide health benefit solutions to teachers, administrators, and support staff of certain Texas school districts; hence, its relationship with and utilization of Entrust to assist in the administration of health benefits. TSHBP is also subject to the COVID-19 diagnostic testing claims requirements of Section 6001 of the Families First Coronavirus Response Act (the "FFCRA") and Section 3202(a) of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES" Act); therefore, all COIVD-19 diagnostic testing claims for members of TSHBP should be covered and reimbursed in accordance with these

---

[1] See 21 U.S.C. § 360bbb–3.
[2] Humble ISD Expands Options for Student Covid Testing (https://www.humbleisd.net/covid19studenttesting); Humble ISD expands free COVID-19 testing options to provide easier access for students (https://communityimpact.com/houston/lake-houston-humble-kingwood/education/2021/01/07/humble-isd-expands-free-covid-19-testing-options-to-provide-easier-access-for-students/).

appliable laws.

Plaintiff would show that pursuant to Fed. R. Civ. P. 21 misjoinder of parties is not grounds for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party(ies). Plaintiff requests that Defendant "90 Degree Benefits, Inc" be removed as a Defendants in this action and "Entrust, LLC d/b/a 90 Degree Benefits" and "Texas School Health Benefits Program" be added as the proper Defendants to this action.

Entrust may be served with process by serving its Registered Agent located at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas, 75201-3136.

TSHBP may be served process at its principal place of business located at 2175 N. Glenville Drive, Richardson, Texas 75082.

Accordingly, Plaintiff now seeks leave of court to amend its Complaint to remove "90 Degree Benefits, Inc." from this action and to include Defendants Entrust and TSHBP in this action.

## LEGAL AUTHORITY

FRCP 20(a) provides for the permissive joinder of parties "where there exist (1) a 'right to relief…arising out of the same transaction [and] occurrence,' and (2) 'common questions of fact or law.'" *See* Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). Further, leave to amend to add parties under FRCP 15(a) "shall be freely given when justice so requires." *Id*. at 1110. Thus, courts are "constrained to allow a plaintiff leave to amend unless there is substantial countervailing reason." *Id*.

The Court should grant Plaintiff's this Motion for Leave to Amend the Complaint so that this action may move forward with the proper Defendants as the right to relief still arises out of the same transactions and/or occurrences and there appears to be no substantial countervailing reason to deny Plaintiff's Motion at this time.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant it leave to file its Amended Complaint and sign the attached Order on Motion for Leave of Court to Amend Plaintiff's Complaint to Substitute in the Proper Defendants to this action.

Dated this 29th day of March 2022.

Respectfully submitted,

By: /s/ Ebad Khan
Ebadullah (Ebad) Khan
Federal Bar No. 2810999
State Bar No. 2409265
ekhan@24hourcovid.com
22751 Professional Drive, Suite 200
Kingwood, Texas 77339
(281) 319.8306 Direct
(281) 605.6690 Facsimile

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2022, I electronically filed a true and correct copy of the foregoing *Motion for Leave* through the Court's CM/ECF system which shall cause service to be electronically made on all parties.

By: /s/ Ebad Khan
Ebadullah (Ebad) Khan